In the Supreme Court of Georgia

Decided:    April 26, 2016

S16Y0328.  IN THE MATTER OF STEPHEN BAILEY WALLACE, II.

PER CURIAM.

This disciplinary matter is before the Court on a Notice of Discipline seeking the disbarment of Stephen Bailey Wallace, II (State Bar No. 734309) based on his violations of Rules 1.3, 1.4, 1.16 (d), 8.4 (a) (4), and 9.3 of the Georgia Rules of Professional Conduct.  See Bar Rule 4-102 (d).  The maximum sanction for a violation of Rules 1.3 and 8.4 (a) (4) is disbarment, while the maximum sanction for a violation of Rules 1.4, 1.16 (d), and 9.3 is a public reprimand.  The State Bar attempted to serve the Notice of Discipline on Wallace personally at the address listed with the State Bar, but the sheriff filed a return of service non est inventus.  The State Bar then properly served Wallace by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii).  As Wallace failed to file a timely Notice of Rejection, he is in default, has waived his rights to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court.  See Bar Rule 4-208.1 (b).

The facts show that Wallace was hired to represent a client in a lawsuit seeking damages for serious and protracted injuries the client suffered in 2003. Wallace, who has been a member of the State Bar since 1991, filed suit in September 2004 and engaged in regular contact with his client through January 2013, assuring the client that the case was progressing satisfactorily towards trial and that Wallace was waiting on an order allowing the client's treating physician to testify at trial. Wallace told the client to forward his medical bills to Wallace and not to worry about them. As instructed, the client forwarded approximately $100,000 in medical bills to Wallace over the years and did not pay those bills. In reality, however, Wallace had not filed anything in the client's case since April 2006, and the case was dismissed in June 2013. Wallace failed to respond to the State Bar's Notice of Investigation related to the client's grievance, and the Bar sought and obtained an interim suspension effective June 30, 2015.

We have reviewed the record, and we agree with the State Bar that disbarment is the appropriate sanction in this matter, particularly as it appears that Wallace acted with a dishonest and selfish motive and that the victim was vulnerable. Accordingly, the name of Stephen Bailey Wallace, II is hereby

2

removed from the rolls of persons entitled to practice law in the State of Georgia.  He is reminded of his duties under Bar Rule 4-219 (c).

Disbarred.  All the Justices concur.